UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**ELMER RODAS and**
**NILSHALIE SANTOS**                          Case No. 1:18-cv-00407-RJJ-RSK
    Plaintiffs,                                Hon. Robert J. Jonker

vs.

**MARTIN PAINTING AND MAINTENANCE,**
**CO., INC., JOHN DOE 1, a.k.a MARTIN, and**
**JOHN DOE 2, a.k.a TONY**
    Defendants.
_____/
**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO EXTEND**
**TIME FOR SERVICE OF COMPLAINT**

**INTRODUCTION**

Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint shall be served on the defendant within 90 days after filing of the complaint. If the deadline is not met, the Rule allows for the Court to direct that service be effected within a specified time. A complaint in this action was filed on April 11, 2018. Under Rule 4(m), the deadline to serve the Defendant is July 10, 2018.

Plaintiffs respectfully request an extension of time in which to serve the Defendants. Plaintiffs make this request in good faith and have good cause for the relief they seek. Plaintiffs

have made multiple diligent attempts to serve Defendants.

## PROCEDURAL HISTORY

Plaintiffs have tried to obtain service upon Defendants John Doe 1, a.k.a Martin, and John Doe 2, a.k.a Tony, in two different ways. Plaintiffs believe that both John Doe defendants are attempting to evade service. After three attempts, Plaintiffs were finally able to obtain service upon Defendant Martin Painting and Maintenance Co., Inc. only by serving the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau on its behalf.

Upon filing, to complete service on Defendants, Plaintiffs originally hired U.S. Marshals to serve Defendants at the address of their registered Resident Agent. *Exhibit A*. The Marshals attempted to serve Defendants at their address via Federal Express mailing. *ECF Nos. 8-10*. This service was deemed unacceptable, as there was no evidence of completed delivery based on the filed Executed Summons. *ECF No. 18*. According to the Court, even if there were completed delivery by Federal Express, it is doubtful that such service was compliant with Rule 4. *Id*. Upon further investigation, although there is evidence that delivery was completed and all three packages were delivered to recipients' address and left at the front door, this service was not compliant with Rule 4, nor any Michigan Court Rules, as no signatures were required upon delivery. *Exhibit B*.

Pursuant to the Federal Rules of Procedure, Rule 4(e)(1), regarding serving an individual within a judicial district of the United States, and Rule 4(h)(1)(A), regarding serving a corporation, partnership, or association in a judicial district of the United States, Plaintiffs referred to state law in order to effectuate adequate summons. MCR 2.105(A)(2) states process may be served on an individual by sending a summons and copy of the complaint by certified

2

mail, return receipt requested, to the individual. This rule states that service is made when Defendant acknowledges receipt of the mail. MCR 2.105(H)(2) states that process may be served on an agent authorized by appointment or by law via registered mail addressed to his office.

Pursuant to the above rules, Plaintiff mailed the summons and complaint to all Defendants. All mailings were sent via United States Postal Services ("USPS") certified mail, return receipt requested, on May 30, 2018. The summons and complaint were sent to the address listed on Defendants' Annual Statement for the Department of Licensing and Regulatory Affairs ("LARA"). These envelopes were marked "[r]eturn to sender," "[r]efused," and "[u]nable to forward," and were returned to Plaintiff unsigned on June 13, 2018. The USPS tracking shows that on June 1, 2018 at 4:22 PM, and on June 2, 2018 at 8:49 AM, service was refused for all three envelopes. **Exhibit C**. Plaintiffs believe that this service was refused because Defendants are aware of the filed Complaint. Although original service was not compliant with Rule 4 of the Federal Rules of Civil Procedure, there is evidence that the summons and complaint were delivered to the address of the Resident Agent. Plaintiffs believe that the Registered Agent is now evading service due to having already received the summons and complaint, though not officially. This belief is strengthened by the fact that the 2017 Annual Report for Defendant Martin Painting and Maintenance Co., Inc., was filed as recently as September 14, 2017, listing Marilyn Lulgjuraj as the President, Secretary, Treasurer, and Director of the Company. **Exhibit A**.

Due to the fact that Defendant is likely trying to evade service, Plaintiffs did not go out of their way to hire a Process Server to personally serve Defendants, or conduct a skip trace. Plaintiffs are confident that the Resident Agent would evade personal service, and that the results

3

of a skip trace would yield the same contact information as the Company's annual LARA filing.

Plaintiffs instead referred to MCR 2.105(D)(4)(b) regarding service of process on a private corporation. MCR 2.105(D)(4) states that service can be made on a private corporation by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division." Subsection (a) states MCR 2.105(D)(4) is applicable if "the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law." This rule is applicable to the case at hand because even though Defendant Martin Painting and Maintenance Co., Inc., has filed an Annual Statement appointing Marilyn Lulgjuraj as Resident Agent, she has failed to maintain her duties as a resident agent. *Exhibit A*. Pursuant to this rule, a copy of the summons and complaint were mailed through USPS registered mail with return receipt requested to the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau (formerly the Michigan Bureau of Commercial Services) and to Martin Painting and Maintenance, Co., Inc. at the address of its appointed resident agent.

Service upon Marilyn Lulgjuraj, as the resident agent of Martin Painting and Maintenance, Co., Inc., was attempted on June 21, 2018 and June 27, 2018. On June 21, 2018 at 2:37 PM, service was unsuccessful. A notice was left because an authorized recipient to sign for the package was unavailable. Service was rescheduled and attempted on June 27, 2018 at 12:07 PM, in which, again, a notice was left because an authorized recipient was not available. *Exhibit D*.

Service upon the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau was completed on June 21, 2018. *Exhibit E.* Pursuant to MCR 2.105(d)(4),

service upon Defendant RPE Painting, LLC, through the Corporations Division of the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau has been executed. However, because MCR 2.105(d)(4) only applies to private corporations, and not individuals, Defendants John Doe 1, a.k.a Martin, and John Doe 2, a.k.a Tony have not yet been properly served.

## LAW AND ANALYSIS

A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)). Good cause can be shown when "the Defendant in evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(e)(1). It is in the Court's discretion to determine whether or not this showing has been made. Here, Plaintiff have acted diligently in attempting to serve Defendants through U.S. Marshals, USPS certified, return receipt mail, and USPS registered mail to Martin Painting and Maintenance Co., Inc., and the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau. However, the only successful attempt has been service for Defendant Martin Painting and Maintenance Co., Inc., on the Corporations Division of the Corporations, Securities & Commercial Licensing Bureau. Plaintiff anticipates seeking an order for alternate service given the difficulties presented in effecting service to date.

## CONCLUSION

Plaintiff has been diligent in every step in the process of attempting service upon Defendants. Plaintiff has exhausted a variety of means and resources in an attempt to serve

Defendants properly. Utilizing U.S. Marshals, and the U.S. Postal Service both proved fruitless. Utilizing a Process Server to personally serve or process a skip trace on Defendants is likely to prove fruitless as well, as the Company's Registered Agent is evading service. More time is needed to locate Defendants or to seek an order for alternate service. Therefore, Plaintiff's Motion for Extension of Summons should be granted and the unserved Defendants should not be dismissed.

                                                Respectfully Submitted,

Dated: July 10, 2018                  /s/   *Robert Anthony Alvarez*            .
                                                Robert Anthony Alvarez (P66954)
                                                Attorney for Plaintiffs
                                                Avanti Law Group. PLLC
                                                600 28th Street SW
                                                Wyoming, MI 49509
                                                (616) 257-6807